**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| MICHAEL and SHERRIE BUSHMAN, | No. 85278-7-I |
| Appellants, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| VIRGINIA MASON MEDICAL CENTER; and MADHANKUMAR (VADHAN) KUPPUSAMY, | |
| Respondents. | |

MANN, J. — Michael and Sherrie Bushman appeal the summary judgment dismissal of their medical malpractice action. We affirm the trial court's dismissal on summary judgment.

I

On September 6, 2019, Dr. Madhankumar Kuppusamy performed a laparoscopic surgery on Michael Bushman at Virginia Mason Medical Center to repair a paraesophageal hernia. Bushman seemed to tolerate the surgery well and no complications were observed during the procedure. Bushman was discharged from the hospital two days later in good condition.

On September 12, 2019, Bushman went to Yakima Memorial Hospital complaining of throat discomfort, retching, and a fever of 101 to 103. Yakima Memorial staff performed a computed tomography (CT) scan, which showed "posterior

mediastinal fluid collection suggestive of leakage from the esophagus." Bushman was transported to Virginia Mason, where Dr. Kuppusamy performed an open laparotomy to attempt to repair the esophageal tear. Bushman suffered several complications following the surgery and was not released from the hospital until October 14, 2019.

Bushman initially filed suit against Dr. Kuppusamy and Virginia Mason for medical malpractice on May 26, 2021. In April 2022, Bushman voluntarily dismissed his first suit and subsequently refiled the complaint. Attached to both the original and refiled complaints were seven declarations signed by Bushman's family and friends who were present at Virginia Mason on the date of the second surgery. According to those seven individuals, Dr. Kuppusamy informed them that during the first surgery, he had "nicked" Bushman's esophagus and left the sutures too loose, causing the esophageal tear.

On September 16, 2022, Bushman moved for partial summary judgment, asserting that the seven declarations attached to the complaint established the defendants' liability as a matter of law. The defendants moved for a continuance pursuant to CR 56(f), as they had not yet received any responses to discovery from the plaintiffs and had not been able to depose any of the seven individuals who submitted declarations.[1] The trial court granted the request for a continuance.

On February 10, 2023, Dr. Kuppusamy and Virginia Mason moved for summary judgment, asserting that Bushman did not have a medical expert as required for medical

---

[1] Before the trial court ruled on either motion, the defendants submitted the declaration of Dr. Kuppusamy, in which he denied making any of the statements attributed to him in the Bushman declaration. Bushman moved to strike respondent's references to the Kuppusamy declaration in their appellate brief. We agree with Bushman that the Kuppusamy declaration was not designated in the trial court's order granting summary judgment as required by CR 56(h). Other than this reference to the declaration as background, it was not considered on appeal.

malpractice actions under chapter 7.70 RCW.  In response, Bushman did not submit any expert declarations but instead argued that Dr. Kuppusamy's statements, as described in the declarations attached to the complaint, constituted the requisite expert testimony.  Bushman also asserted that res ipsa loquitur applied to his claim.

In reply, Dr. Kuppusamy and Virginia Mason submitted the declaration of Dr. Timothy Bax, an expert in general surgery.  Dr. Bax opined that Dr. Kuppusamy had complied with the standard of care in his treatment of Bushman and that Bushman's injuries were not the result of negligence.  Dr. Bax also opined that "Dr. Kuppusamy's surgery and Mr. Bushman's injuries are beyond the general understanding of a lay person," that Bushman's injuries were not necessarily "caused by an instrument that was within the exclusive control of Dr. Kuppusamy," and that "Mr. Bushman's reported injuries are not the type that would create an inference that the physician negligently caused them."

The trial court ruled that res ipsa loquitor did not apply to Bushman's claims.  The trial court provided Bushman with an extra 28 days to obtain an expert witness to respond to Dr. Bax's declaration.  After the 28 days had passed without Bushman submitting any additional material, the trial court granted the summary judgment motion and entered judgment in favor of Dr. Kuppusamy and Virginia Mason.

Bushman appeals.

II

We review summary judgment orders de novo.  "In a summary judgment motion, the moving party bears the initial burden of showing the absence of an issue of material fact."  Young v. Key Pharms., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989).  If the

defendant is the moving party and makes their initial showing, then the inquiry shifts to the party with the burden of proof at trial to make a showing sufficient to establish the existence of an element essential to that party's case. Young, 112 Wn.2d at 225. If the party with the burden of proof at trial fails to make that showing, then the trial court should grant summary judgment. Young, 112 Wn.2d at 225.

Bushman asserts that the trial court erred by granting summary judgment in favor of Dr. Kuppusamy and Virginia Mason because he was not required to produce expert testimony in support of his claim. Bushman argues that Dr. Kuppusamy's statements to Bushman's family and friends constitute expert testimony and, in the alternative, that res ipsa loquitur obviates the need for expert testimony. Neither argument has merit.

A

"[W]henever an injury occurs as a result of health care, the action for damages for that injury is governed exclusively by RCW 7.70." Branom v. State, 94 Wn. App. 964, 969, 974 P.2d 335 (1999). Claims that an injury resulted from a failure to follow the accepted standard of care are addressed by RCW 7.70.030(1) and RCW 7.70.040. The plaintiff has the burden to prove by a preponderance of evidence each essential element of the claim. RCW 7.70.030.

The following are necessary elements of proof that injury resulted from the failure of the health care provider to follow the accepted standard of care:

(1) The health care provider failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he or she belongs, in the state of Washington, acting in the same or similar circumstances;

(2) Such failure was a proximate cause of the injury complained of.

RCW 7.70.040.

4

Expert testimony is generally "'necessary to establish the standard of care . . . and most aspects of causation.'" Young, 112 Wn.2d at 228 (quoting Harris v. Groth, 99 Wn.2d 438, 449, 663 P.2d 113 (1983)). To defeat summary judgment in almost all medical negligence cases, the plaintiff must produce testimony from a competent medical expert. Young, 112 Wn.2d at 228.

The trial court did not err in granting summary judgment in favor of Dr. Kuppusamy and Virginia Mason. Dr. Kuppusamy and Virginia Mason's motion argued that Bushman lacked medical expert testimony to establish the standard of care and causation. Bushman's response offered no medical expert's testimony in support of either a violation of the standard of care or causation. Without medical expertise, Bushman cannot establish either the standard of care or causation.

Bushman nevertheless asserts that Dr. Kuppusamy's own testimony constitutes the requisite expert testimony. This argument fails for two reasons. First, Bushman did not present any testimony from Dr. Kuppusamy. Instead, Bushman presented declarations from various lay witnesses about what Dr. Kuppusamy purportedly said to them.[2] For this reason, Douglas v. Freeman, 117 Wn.2d 242, 250, 814 P.2d 1160 (1991), is of no assistance to Bushman, as that case concerned the trial testimony of the defendant medical professional.

Second, Dr. Kuppusamy's alleged statements reflected in the declarations speak to neither the standard of care nor causation. General assertions of negligent care are

---

[2] Dr. Kuppusamy and Virginia Mason contend that none of the declarations are admissible pursuant to RCW 5.64.010. Bushman argues that RCW 5.64.010 applies only to statements made to the patient and the patient's representative, rendering all declarations except Sherrie Bushman's admissible. We need not resolve this issue. Even if all of Bushman's declarations are admissible, they are not sufficient to defeat summary judgment.

not enough; the testimony must state specific facts to show the applicable standard of care, how it was breached, and how the breach caused the plaintiff's injuries. Reyes v. Yakima Health Dist., 191 Wn.2d 79, 89, 419 P.3d 819 (2018). Dr. Kuppusamy's alleged statement that he "nicked" Bushman's esophagus contains none of the required specificity.

B

In the alternative, Bushman asserts that he need not present expert testimony because res ipsa loquitur applies. A plaintiff may rely on the res ipsa loquitor permissive inference of negligence in lieu of expert testimony if "(1) the accident or occurrence that caused the plaintiff's injury would not ordinarily happen in the absence of negligence, (2) the agency or instrumentality that caused the plaintiff's injury was in the exclusive control of the defendant, and (3) the plaintiff did not contribute to the accident or occurrence." Nguyen v. City of Seattle, 179 Wn. App. 155, 172, 317 P.3d 518 (2014). The first element can be met by showing one of the following:

> "(1) [w]hen the act causing the injury is so palpably negligent that it may be inferred as a matter of law, i.e., leaving foreign objects, sponges, scissors, etc., in the body, or amputation of a wrong member; (2) when the general experience and observation of mankind teaches that the result would not be expected without negligence; and (3) when proof by experts in an esoteric field creates an inference that negligence caused the injuries."

Pacheco v. Ames, 149 Wn.2d 431, 438-39, 69 P.3d 324 (2003) (internal quotation marks omitted) (quoting Zukowsky v. Brown, 79 Wn.2d 586, 595, 488 P.2d 269 (1971)). Bushman makes none of these showings.

The declaration of Dr. Bax establishes that Bushman's injuries were not necessarily caused by an instrument in Dr. Kuppusamy's exclusive control, and that the

injuries were not of a type that would not be expected in the absence of negligence.[3]

Despite the burden shifting framework that applies to summary judgment motions,

Bushman provided no evidence to refute this testimony, even after being given an extra

28 days to do so.  Absent such a showing, the trial court correctly determined that res

ipsa loquitur does not apply to this case.

IV

Bushman failed to create a genuine issue of material fact with regard to any

conduct of any defendant that breaches a specified standard of care.  We affirm the trial

court's dismissal on summary judgment.

_Mann, J._

WE CONCUR:

_Feldman, J._

_Hazelrigg, A.C.J._

---

[3] Bushman's own medical records show that he was warned that injury to the esophagus was a possible complication of the hernia repair surgery he underwent, thus also demonstrating that the injuries were not of a type that would not be expected in the absence of negligence.